Dykman, J.
This is an action for the recovery of a legacy and for the procurement of a judgment charging the payment of the same upon the real property of the "testator.
The language of the controlling portion of the will is this: “First. After all mylawful debts are paid and discharged, I give and bequeath to JobS. Benjamin the sum of $2,000, to Ido paid to him within three months after my decease.” “Secondly. I give and bequeath ail the rest and residue of my real and personal estate, of whatsoever name or nature, to James O. Crank and Matilda Cronk, to each the one-half part thereof.”
The defendant, William H. Wright, was appointed sole executor, and the will contained no power of sale.
The fundamental rule is that the personal property is the primary fund for the payment of legacies and debts, and that rule prevails in all cases where an intention of the testator to charge his real property with such payment cannot be collect'd from the terms of his will.
Yet it is not requisite that such intention should be written in express terms. If it may be reasonably and naturally gathered from the entire instrument, then it may be imputed to the testator and inferred by the courts.
It is plain, therefore, that the determination of this and all other cases depends upon the peculiar language of the will, and no material aid can be afforded from adjudicated cases, although we must carry with us in our search for the intention of the testator the light furnished by the decisions of the courts.
The will under consideration is short, but full of meaning, and the scheme of the testator is well defined and his intention easily discovered.
*816 In the first place he devoted all his property to the payment of his lawful debts, and gave nothing to any one until they were discharged. After that, and from what then remained,_ he gave a legacy of $2,000 to his nephew, Job S. Benjamin. "Then after all he gave the residue of his property to the two Cronks, one-half to each.'
So from first to last he mingled his property and reft no trace of distinction between his personalty and his realty.
The funds for the payment of debts were to be furnished "by the consolidated estate, and the legacy was to be paid from the same source, and, last of all, the residue of the property so consolidated was given to the two residuary beneficiaries.
Plainly, it was the intention of the testator for them to take nothing until after the payment of the debts he had contracted and the legacy he bequeathed, and for them to take what thereafter remained and such remainder only.
The residuary clause of the will has no subject for its operation, except the debts and the legacy. No other portion of the testator’s property was disposed of so that the land in question could constitute the residue.
It was the intention of the testator to have his debts and the legacy to his nephew paid, and to that purpose he devoted all his property without distinction between personalty and realty, and to bestow upon the residuary beneficiaries the remainder, and that alone, and if there remained nothing after the satisfaction of these two primary objects, then they took nothing.
These considerations conduct us to the conclusion that the legacy to the nephew was a charge upon the consoli • dated estate, and so upon the land in question, and must be paid therefrom.
The judgment should, therefore, be affirmed, with costs.
Pratt, J., concurs; Barnard, P. J., not sitting.